**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **ERICA MORENO** | § |
| | § |
| **VS.** | § CIVIL CASE NO. 1:24-CV-047 |
| | § |
| **JORGE LUIS GARZA, ET AL** | § |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Erica Moreno, hereinafter called Plaintiff, and amends her FIRST ORIGINAL PETITION and properly identifies the defendants in this matter— Jorge Luis Garza and Transportes Refrigerados GC Xpress SA DE CV (previously misidentified as Rodrigo Valles Hernandez dba Transportes Refrigerados Express), hereinafter called Defendants, and for cause of action shows unto the Court to following:

### I.   PARTIES

1. Plaintiff, Erica Moreno, is an Individual whose address is 9545 Los Olmos, Los Fresnos, Texas 78566.

2. Defendant Jorge Luis Garza, an Individual who is a nonresident of Texas, has been duly served and has made an appearance herein.

3. Defendant Transportes Refrigerados GC Xpress SA DE CV, a Nonresident General Partnership, has been duly served and has made an appearance herein. Defendant Transportes Refrigerados GC Xpress SA DE CV was previously misidentified as Rodrigo Valles Hernandez dba Transportes Refrigerados Express.

### II.   JURISDICTION

4. This Court has jurisdiction over the lawsuit under 28 USC 1332(a)(1) because Plaintiff Erica Moreno and both defendants are citizens of different US states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### III.   VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.   FACTS

6. On or about June 27, 2023, near the 4400th block of E. 14th Street in Brownsville in Cameron, County, Texas, Plaintiff Erica Moreno (hereinafter referred to as the Plaintiff) and Defendant Jorge Luis Garza, individually and while within scope of his employment for Transportes Refrigerados GC Xpress SA DE CV (hereinafter referred to as the Defendant) were involved in a motor vehicle accident. Failing to keep a proper lookout, failing to pay due attention to the flow of traffic, failing to maintain a proper following distance, and failing to control the speed of his tractor-trailer, Defendant Jorge Luis Garza collided with the rear of the Plaintiff Erica Moreno's vehicle.  As a result of the violent collision, Plaintiff Erica Moreno sustained serious bodily injury and property damage.

## V.   PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT JORGE LUIS GARZA

### A.   NEGLIGENCE

7. Defendant Jorge Luis Garza had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.  Plaintiff's injuries were proximately caused by Defendant Jorge Luis Garza's negligent, careless and reckless disregard of said duty.

8. The negligent, careless and reckless disregard of duty of Defendant Jorge Luis Garza, consisted of, but is not limited to, the following acts and omissions:

   a. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.401;

   b. In that Defendant failed to turn his motor vehicle to the right or left in an effort to avoid the collision complained of; Texas Transportation Code §545.103;

   c. In that Defendant failed to maintain a clear and reasonable distance with other motorists; Texas Transportation Code §545.062;

   d. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; Texas Transportation Code §545.062;

  e. In that Defendant failed to apply the brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes. Texas Transportation Code §545.351;

  f. In that Defendant failed to pay attention in his driving as a person using ordinary prudent care would have done; Texas Transportation Code §545.401;

  g. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; Texas Transportation Code §545.062;

  h. In that Defendant failed to control the speed of his motor vehicle to avoid the collision complained of; Texas Transportation Code §545.351; and

  i. In that Defendant was distracted by an electronic device at or near the time of the collision complained of; Texas Transportation Code §545.4251.

9. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Erica Moreno suffered and which Plaintiff Erica Moreno will continue to suffer in the future, if not for the remainder of his natural life, and the damage and other losses to Plaintiff Erica Moreno.

**B. NEGLIGENCE PER SE**

10. Further, Defendant Jorge Luis Garza failed to exercise the mandatory standard of care in violation of the Texas Transportation Code for which the negligence per se doctrine mandates that:

> **§ 545.351: MAXIMUM SPEED REQUIREMENT**
> (a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
> (b) An operator:
>  (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and
>  (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.
> …

### § 545.401: RECKLESS DRIVING; OFFENSE.
(a) A person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property.
…

### § 545.062: FOLLOWING DISTANCE.
(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

11. Plaintiff Erica Moreno was within the class of persons designed to be protected by such statutes and as such, Defendant's conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law.

12. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Erica Moreno suffered and which Plaintiff Erica Moreno will continue to suffer in the future, if not for the remainder of her natural life, and the damage and other losses to Plaintiff Erica Moreno.

C. GROSS NEGLIGENCE

13. The above-reference acts and/or omissions by such Defendant constitutes gross negligence as that term is defined in §41.001(11) Texas Civil Practices and Remedies Code. Plaintiff Erica Moreno's injuries and damages resulted from the Defendant's gross negligence, and therefore Plaintiff is entitled to exemplary damages under Section 41.003(a) of the Texas Civil Practice & Remedies Code. In this regard, Defendant's conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of others, including the Plaintiff Erica Moreno.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which

Plaintiff Erica Moreno suffered and which Plaintiff Erica Moreno will continue to suffer in the future, if not for the remainder of her natural life, and the damage and other losses to Plaintiff Erica Moreno.

### VI. PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT TRANSPORTES REFRIGERADOS GC XPRESS SA DE CV

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jorge Luis Garza was within the course and scope of employment for Defendant Transportes Refrigerados GC Xpress SA DE CV.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jorge Luis Garza was engaged in the furtherance of Defendant Transportes Refrigerados GC Xpress SA DE CV's business.

17. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jorge Luis Garza was engaged in accomplishing a task for which Jorge Luis Garza was employed.

18. Plaintiff invokes the doctrine of Respondeat Superior as against Defendant Transportes Refrigerados GC Xpress SA DE CV.

#### A. NEGLIGENCE

19. In addition to liability under a theory of *respondeat superior*, Defendant Transportes Refrigerados GC Xpress SA DE CV, is further negligent in one or more of the following respects:

   a. Negligent hiring of Defendant Jorge Luis Garza;

   b. Negligent training of Defendant Jorge Luis Garza;

   c. Negligent supervision and monitoring of Defendant Jorge Luis Garza;

   d. Negligent retention of Defendant Jorge Luis Garza;

   e. Negligent entrustment of its vehicle to Defendant Jorge Luis Garza;

   f. Failing to implement adequate safety programs for the prevention of collisions by Defendant's employees in violation of motor carrier fleet industry standards;

    g.    Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

    h.    Defendant placed a driver on the road knowing that the driver was impaired and/or fatigued and that such impairment/fatigue could in all likelihood cause serious injury to others in the event of an accident like that which occurred;

    i.    Defendant had a cell phone policy in place but engaged in the practice and pattern of failing to enforce such policy and to allow its employees to violate such cell phone policy;

    j.    Defendant had a GPS-and-speed-tracking program installed in their employees' vehicle but engaged in the practice and pattern of failing to audit and/or monitor such program so as to allow its employees to routinely drive over the speed limit;

    k.    Failing to monitor its employees driving through GPS/speed data with the Fleetmatics program installed in its company-vehicles;

    l.    Failing to enforce the company safety manual, employee handbook, and policies and procedures;

    m.    Failing to provide adequate breaks to its drivers; and

    n.    Engaging in the pattern and practice of disregarding safe-driving practices.

20. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff Erica Moreno suffered and which Plaintiff Erica Moreno will continue to suffer in the future, if not for the remainder of her natural life, and the damage and other losses to Plaintiff Erica Moreno.

**B.**     **GROSS NEGLIGENCE**

21. The above-reference acts and/or omissions by such Defendant constitutes gross negligence as that term is defined in §41.001(11) Texas Civil Practices and Remedies Code. Plaintiff's injuries and damages resulted from the Defendant's gross negligence, and therefore Plaintiff is entitled to exemplary damages under Section 41.003(a) of the Texas Civil Practice & Remedies Code. In this regard, Defendants' conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Transportes

Refrigerados GC Xpress SA DE CV, acting through its employees, agents, and/or servants, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of others, including the Plaintiff.

22. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of their natural life, and the damage and other losses to Plaintiff.

## VII. PROXIMATE CAUSE

23. Each and every, all and singular of the foregoing acts and omissions, on the part of the defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII. DAMAGES FOR PLAINTIFF ERICA MORENO

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Erica Moreno, has incurred the following damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering in the future;

    e. Mental anguish in the past;

    f. Mental anguish in the future;

    g. Physical impairment in the past; and

    h. Physical impairment which, in all reasonable probability, will be suffered in the future.

25. By reason of the above, Plaintiff Erica Moreno has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX. PRAYER

26. For these reasons, Plaintiff Erica Moreno asks for judgment against defendants for the following:

   a. Plaintiff seeks damages (including punitive damages) over $200,000.00 but not more than $1,000,000.00.

   b. Prejudgment and postjudgment interest.

   c. Costs of suit.

   d. All other relief the Court deems appropriate.

Respectfully submitted,

**BEGUM LAW GROUP**

By: /s/ *Mario A. Cisneros*
Mario A. Cisneros
Federal Bar No. 2601122
2401 Wild Flower, Suite B
Brownsville, Texas 78526
E-mail: mcisneros@texaslegalgroup.com
Tel. (956) 982-1800
Fax. (956) 982-8602

**and**

**Volk & McElroy, LLP**

By: /s/ *David Volk*
David Volk
Texas Bar No. 24056477
3003 NW Loop 410, Ste. 100
San Antonio, TX 78230
Email: david@volkandmcelroy.com
Tel. (210) 377-1414
Fax. (210) 377-1415

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I certify that on <u>April 23, 2024,</u> a copy of *Plaintiff's First Amended Complaint* was *electronically filed* on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys:

James H. Hunter, Jr.
Federal Bar No. 15703
Shauna A. Lozano
Federal Bar No. 3151244
Lorena A. Guajardo
Federal Bar No. 3655024
55 Cove Circle
Brownsville, Texas 78521
Tel: (956) 542-4377
Fax: (956) 542-4370
Email: jim.hunter@roystonlaw.com
Email: shauna.lozano@roystonlaw.com
Email: aly.guajardo@roystonlaw.com
ATTORNEYS FOR DEFENDANTS

                        /s/ *Mario A. Cisneros*
                        Mario A. Cisneros